UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| A.L.,<br><br>        Plaintiff,<br><br>    v.<br><br>KILOLO KIJAKAZI,<br><br>        Defendant. | Case No. 20-cv-02245-VKD<br><br>**ORDER GRANTING MOTION FOR ATTORNEYS' FEES**<br><br>Re: Dkt. No. 28 |

Harvey P. Sackett, of Sackett and Associates, counsel for plaintiff A.L.,[1] moves for an award of attorneys' fees pursuant to 42 U.S.C. § 406(b) after A.L. obtained an award of past-due benefits from the Social Security Administration. Dkt. No. 28-1. Mr. Sackett seeks $20,111.75 for his work representing A.L. before this Court. *Id.* at 2. For the reasons discussed below, the Court grants the motion.

**I.    BACKGROUND**

This case arises out of A.L.'s application for disability insurance and supplemental security income benefits under Titles II and XVI of the Social Security Act, 42 U.S.C. §§ 401, *et seq.*; 1381 *et seq.* A.L.'s applications were denied initially and on reconsideration. An administrative law judge ("ALJ") held a hearing and subsequently issued an unfavorable decision on September 26, 2018. Dkt. No. 24 at 2. The Appeals Council subsequently denied A.L.'s request for review of the ALJ's decision. *Id.* at 3. On April 2, 2020, A.L. then filed this action seeking judicial

---

[1] Because opinions by the Court are more widely available than other filings this order refers to the plaintiff only by her initials. This order does not alter the degree of public access to other filings in this action provided by Rule 5.2(c) of the Federal Rules of Civil Procedure and Civil L.R. 5-1(c)(5)(B)(i).

review of the decision denying her applications for benefits. Dkt. No. 1.

On December 6, 2021, the Court issued an order granting A.L.'s motion for summary judgment, denying the Commissioner's cross-motion for summary judgment, and remanding the case further administrative proceedings. Dkt. No. 24. On January 27, 2022, the Court approved the parties' stipulation for an award of fees in the amount of $4,826.58 to Mr. Sackett pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2142. Dkt. No. 27.

On remand from this Court's order, the Social Security Administration concluded that A.L. is entitled to received past due benefits in the amount of $80,447.00. Dkt. Nos. 28-3, 28-4. The agency withheld $20,111.75, representing 25% of A.L.'s past due benefits, for the possible payment of attorneys' fees. Dkt. No. 28-4 at ECF 5.

On November 26, 20218, prior to the filing of this action, A.L. and Mr. Sackett entered into a contingency fee agreement in which A.L. agreed that to "pay Sackett and Associates, subject to the approval of the Social Security Administration for representation at the administrative level, and by the district or circuit court for representation at the judicial level, a fee no greater than 25% of the past-due benefits owed to me." Dkt. No. 28-5. Mr. Sackett now seeks attorneys' fees in the amount of $20, 111.75, representing 25% of A.L.'s overall award of past-due benefits, pursuant to 42 U.S.C. § 406(b) and the fee agreement. Dkt. No. 28-1 at 2. Mr. Sackett acknowledges that he must reimburse A.L. for the previous $4,826.58 EAJA fee award. *Id.*

The record indicates that Mr. Sackett mailed a copy of his motion to A.L. on November 6, 2023. Dkt. No. 28-9. The Court has received no objection or any other response from A.L. The Commissioner filed a timely response to Mr. Sackett's motion. Dkt. No. 30. The Commissioner takes no position the reasonableness of the requested fee, but suggests that if the Court determines Mr. Sackett is entitled to fees, it should direct that they be "paid out of Plaintiff's past-due benefits in accordance with agency policy," rather than ordering Mr. Sackett to be paid directly. *Id.* at 2-3.

## II.   DISCUSSION

When a court renders judgment favorable to a social security claimant represented by an attorney, "the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the

1  claimant is entitled by reason of such judgment[.]" 42 U.S.C. § 406(b)(1)(A).  A court may award
2  such fees even if the court's judgment did not immediately result in an award of past-due benefits.
3  *Butler v. Colvin*, No. 3:14-cv-02050-LB, 2017 WL 446290, at *1 (N.D. Cal. Feb. 2, 2017).
4  Although a district court may award fees under both the EAJA and § 406(b), "'the claimant's
5  attorney must refund to the claimant the amount of the smaller fee.'"  *Crawford v. Astrue*, 586
6  F.3d 1142, 1144 n.3 (9th Cir. 2009) (quoting *Gisbrecht v. Barnhart*, 535 U.S. 789, 796 (2002)).
7  Section 406(b) applies only to fees for representation in federal court—a separate provision allows
8  the SSA to award fees for representation in agency proceedings.  *See* 42 U.S.C. § 406(a); *Clark v.*
9  *Astrue*, 529 F.3d 1211, 1215 (9th Cir. 2008).

10         Section 406(b) "does not displace contingent-fee agreements as the primary means by
11  which fees are set for successfully representing Social Security benefits claimants in court."
12  *Gisbrecht*, 535 U.S. at 807.  "Rather, § 406(b) calls for court review of such arrangements as an
13  independent check, to assure that they yield reasonable results in particular cases."  *Id*.  "The
14  statute does not specify how courts should determine whether a requested fee is reasonable" and
15  "provides only that the fee must not exceed 25% of the past-due benefits awarded."  *Crawford*,
16  586 F.3d at 1148; *see also Gisbrecht*, 535 U.S. at 807 ("Congress has provided one boundary line:
17  Agreements are unenforceable to the extent that they provide for fees exceeding 25 percent of the
18  past-due benefits.").  The attorney seeking fees must show that the fees sought are reasonable for
19  the services rendered.  *Gisbrecht*, 535 U.S. at 807.

20         In determining a reasonable fee award under § 406(b), courts "must respect 'the primacy of
21  lawful attorney-client fee agreements,' . . . 'looking first to the contingent fee agreement, then
22  testing it for reasonableness.'"  *Crawford*, 586 F.3d at 1148 (quoting *Gisbrecht*, 535 U.S. at 793,
23  808).  In this context, reasonableness does not depend on lodestar calculations, but upon "the
24  character of the representation and the results the representative achieved."  *Gisbrecht*, 535 U.S. at
25  808.  Fees resulting from a contingent fee agreement are unreasonable and subject to reduction by
26  the court "if the attorney provided substandard representation or engaged in dilatory conduct in
27  order to increase the accrued amount of past-due benefits, or if the 'benefits are large in
28  comparison to the amount of time counsel spent on the case.'"  *Crawford*, 586 F.3d at 1148

3

1  (quoting *Gisbrecht*, 535 U.S. at 808). Although the Supreme Court has "flatly rejected [a] lodestar
2  approach," *id.*, a court may require, "not as a basis for satellite litigation, but as an aid to the
3  court's assessment of the reasonableness of the fee yielded by the fee agreement," submission of
4  the requesting attorney's records of the hours worked and normal hourly billing rate for non-
5  contingent fee cases. *Gisbrecht*, 535 U.S. at 808.

Here, Mr. Sackett has demonstrated that the requested fees are reasonable for the services rendered. His contingency fee agreement with A.L. provides for fees within the 25% limit imposed by § 406(b). Dkt. No. 28-5. Mr. Sackett successfully pursued A.L.'s appeal in this Court and obtained a favorable result in which A.L. will receive substantial past-due benefits dating back to 2015. *See* Dkt. No. 28-4 at ECF 3-5. Nothing in the record suggests that Mr. Sackett's performance was substandard, or that he engaged in dilatory conduct in order to increase the amount of fees to be awarded. *See Crawford*, 586 F.3d at 1148.

Mr. Sackett's time records, which the Court has reviewed as an aid to the assessment of the reasonableness of the requested fee, indicate that he spent a total of 23.6 hours working on A.L.'s case while it was in this Court, including 19.5 hours reviewing the administrative record and preparing A.L.'s motion and reply in support of the motion for summary judgment. Dkt. No. 28-6. The Court finds that the time spent on substantive matters is reasonable. Moreover, the Court recognizes that Mr. Sackett assumed a risk of not recovering fees by representing A.L. on a contingency basis. *See Hearn v. Barnhart*, 262 F. Supp. 2d 1033, 1037 (N.D. Cal. 2003) ("The courts recognize that basing a reasonableness determination on a simple hourly rate basis is inappropriate when an attorney is working pursuant to a reasonable contingency contract for which there runs a substantial risk of loss.").

Accordingly, the Court finds that the requested fees are reasonable. Mr. Sackett's motion for fees therefore is granted.

### III. CONCLUSION

Based on the foregoing, the motion for fees pursuant to 42 U.S.C. § 406(b) is granted. The Court awards $20,111.75 in fees to Mr. Sackett, of Sackett and Associates, which shall be paid out of A.L.'s past-due benefits. Mr. Sackett shall refund to A.L. the $4,826.58 in EAJA fees

4

previously awarded.

**IT IS SO ORDERED.**

Dated: December 1, 2023

VIRGINIA K. DEMARCHI
United States Magistrate Judge